UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DISABLED PATRIOTS OF AMERICA, a Florida
Not-For-Profit Corporation, and
MARCUS INGRAM, Individually,

                 Plaintiffs,                 **Hon. Hugh B. Scott**

                                       07CV284S

                    v.                       **Order**

NIAGARA GROUP HOTELS, LLC, a New York
Limited Liability Company,

                 Defendant.

Initially before the Court was plaintiffs' motion to compel answers to their Interrogatories and document production (Docket No. 19). Responses to this motion were due by November 21, 2007, reply by November 30, 2007, and this motion was to be submitted (without oral argument) on November 30, 2007 (Docket No. 20). Defendant replied on November 20, 2007 (Docket No. 23). Later that day, plaintiffs filed their notice to withdraw this motion (Docket No. 24). The Court terminated that motion (Docket No. 19) on November 26, 2007 (Docket No. 25).

The issue remaining is whether plaintiffs (or their counsel or both) should be sanctioned under Federal Rule of Civil Procedure 37(a)(4)(B) for filing the second withdrawn motion. Plaintiffs were given until December 4, 2007, to address this[1] with defendant allowed to respond by December 11, 2007 (id.).

---

[1]Plaintiffs filed their verified response to this Order ("Pls. Response"), with exhibits, Docket No. 26. Defendant did not respond to this Order.

## BACKGROUND

This is an Americans with Disabilities Act ("ADA") case against a hotel for allegedly failing to accommodate plaintiff Marcus Ingram, a disabled veteran.  Ingram is a member of plaintiff Disabled Patriots of America, a non-profit Florida corporation which represents the interests of its members (including individuals with disabilities as defined by the ADA) "by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities" (Docket No. 1, Compl. ¶¶ 6, 7).  Plaintiffs allege that defendant's hotel, the Inn on the River, in Niagara Falls, New York, had architectural barriers that endangered Ingram's safety and that defendant discriminated against Ingram due to his disability (id. ¶¶ 3, 6, 11).   Defendant answered on June 11, 2007 (Docket No. 4).

*Plaintiffs' First Motion to Compel--Inspection of Defendant's Premises*

Following entry of the Scheduling Order (Docket No. 11), plaintiffs served their request for entry upon land for inspection under Federal Rule of Civil Procedure 34 (Docket No. 17, Ex. A, Ex. D, Pls. Atty. Aff. ¶ 2 (hereinafter cited as "Pls. Atty. Aff.")), scheduling that entry for October 11, 2007.  Plaintiffs' counsel, Thomas Bacon[2] of Fuller, Fuller & Associates, P.A., of North Miami, Florida, had to cancel the October 11, 2007, inspection due to the last minute unavailability and travel logistics (Docket No. 17, Pls. Atty. Aff. ¶ 5, Ex. B), and sought to have defendant give him dates to reschedule the inspection.  By October 25, 2007, defendant had not provided plaintiffs with a new date for the inspection (id. Pls. Atty. Aff. ¶¶ 6, 7, Ex. C; see Docket No. 26, Pls. Response Ex. B).  That e-mail also noted that defendant had not responded

---

[2]Admitted pro hac vice, Docket No. 15.

to other, unspecified discovery.  This e-mail said that one motion to compel (apparently Docket No. 17) was already drafted and would be filed by October 27, 2007, if no date were set for the inspection and that another motion would be filed regarding the remaining outstanding discovery (Docket No. 17, Pls. Atty. Aff., Ex. C).

Plaintiffs filed their first motion to compel (Docket No. 17), but the parties eventually rescheduled this inspection and this first motion was withdrawn (Docket No. 21) and later terminated by the Court (Docket No. 25).

*Plaintiffs' Second Motion to Compel–Interrogatory Answers and Document Production*

Plaintiffs contended (in their second motion to compel) that their Interrogatories and document demands were served on September 11, 2007, without objections by defendant (Docket No. 19, Pls. 2d Motion ¶¶ 1, 2, Exs. A, B).  Bacon noted, on October 25, 2007, that he had not received overdue discovery (apparently the answers to these Interrogatories and the document production) and, if not provided by October 31, 2007, plaintiffs would have to move to compel (id. Ex. C; see Docket No. 17, Ex. C (same); Docket No. 19, Ex. D, Pls. Atty. Aff. ¶ 3).

Defendant argued in response to this motion that it was never served with Interrogatories or document demands plaintiffs claim were served upon it; rather, defendant contended that it was served with discovery demands for another action pending in the United States District Court for the Northern District of Illinois, Disabled Patriots of America and Michael Miles, individually v. Kennedy Cumberland Hospitality, LLC, No. 1:07-cv-04031-CPK-GSB (Docket No. 23, Def. Atty. Ans. Aff. ¶¶ 5-8, Exs. A, B).  The certificates of service for these discovery devices indicated that they were supposedly served upon defense counsel in Springfield, Illinois (id. Exs. A, B).  This is defendant's first reference to the mistake in service of discovery.

3

Plaintiffs then withdrew this second motion (Docket No. 24).  The Court later terminated that motion and afforded plaintiffs an opportunity to be heard on whether they (or their counsel or both) should be sanctioned for filing the second withdrawn motion (Docket No. 25).  In response, Bacon outlines the chronology leading to the erroneously filed motion (Docket No. 26, Pls. Response ¶¶ 2-3, 5-7).  By clerical error, the wrong discovery demands were served in the wrong cases, although Bacon's files showed that the discovery demands were filed in their proper cases (id. ¶ 3).  He notes that defense counsel did not contact him to inform him that the wrong discovery had been served upon him (id. ¶ 4).  After plaintiffs filed their second motion to compel, defense counsel e-mailed Bacon indicating the error in served discovery (id. ¶ 7, Ex. C), but Bacon deleted that e-mail (id. ¶ 7).  Bacon concludes that "harmless error" occurred and no sanctions should be imposed, but if sanctions are imposed, they should not fall upon local counsel, Jonathan Staehr (id. ¶ 8).

## DISCUSSION

I.     Standard

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention.  See 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994).  Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an Order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention.  Fed. R. Civ. P. 37(a)(2)(A).

"If a motion [to compel] is denied, the court may enter any protective order authorized under Rule 26(c) and shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party . . . who opposed the motion the reasonable expense incurred in opposing the motion, including attorney's fees, unless the court find that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust," id. R. 37(a)(4)(B).  While the movant clearly cannot claim its moving expenses for a motion it voluntarily withdrew, see Cruz v. Meachum, 159 F.R.D. 366, 368 (D. Conn. 1994); Dataq, Inc. v. Tokheim, 736 F.2d 601, 605 (10th Cir. 1984) (applying former Fed. R. Civ. P. 37(a)(4)), the issue here is whether an attempted withdrawal of a motion to compel is a denial under Rule 37(a)(4)(B) to make the aborted movants liable for sanctions. Rule 37(a) was amended in 1993 to avoid having a movant be awarded its expenses for filing a motion to compel where "that motion could have been avoided by conferring with opposing counsel," Fed. R. Civ. P. 37 advisory committee's notes (1993); see also id. Fed. R. Civ. P. 26 advisory committee's notes (1993) (purpose for Rule 26(c) that parties must confer before moving for a motion for a protective Order); Fed. R. Civ. P. 37(a)(2)(A).

II.     Application

        A.      Erroneous Service of Discovery and Failure to Confer

        Plaintiffs' Interrogatories and document demands center on defendant's financial records and its ability to remove architectural barriers that are "readily achievable."  It turns out, however, that plaintiffs did not serve these discovery devices on this defendant.  While plaintiffs' Docket No. 19 Exhibit A is a copy of their Interrogatories and Requests for Production with certificates of service upon defendant's counsel (Docket No. 19, Exs. A, B, Pls. Atty. Aff. ¶ 2),

defendant argues that it was served with Interrogatories for another action (Docket No. 23, Exs. A, B).  A comparison of the two sets of discovery devices shows that plaintiffs (differing in the two cases beyond the common corporate party, the Disabled Patriots of America) sought different answers from each defendant (compare Docket No. 19, Ex. A, Niagara Group Interrog. No. 11 (restroom accommodations) with Docket No. 23, Ex. B, served Kennedy Cumberland Hospitality Interrog. Nos. 11 (elevators in facility), 12 (restroom accommodations)).  The Kennedy Cumberland Hospitality discovery served on defendant in this case included Requests for Admissions (Docket No. 23, Ex. B).

Plaintiffs (in particular plaintiffs' counsel) served Interrogatories and other discovery demands for another case Kennedy Cumberland Hospitality upon Niagara Group Hotels in this case and it appears that neither plaintiffs nor Niagara Group Hotels conferred to discuss this error.  Plaintiffs, aside from their brief e-mail of October 25, 2007, inquiring primarily about scheduling the inspection (cf. Docket No. 19, Ex. C), did not specifically ask about the unanswered Interrogatories and other discovery demands.  That e-mail merely noted that "your client's responses to outstanding discovery are overdue" (id.).  Defendant Niagara Group Hotels did not respond to this e-mail and never told plaintiffs that it received discovery in another, unrelated case as served by plaintiffs (see Docket No. 26, Pls. Response ¶ 3).  A conference between parties here would have allowed plaintiffs to detect the error and serve the correct discovery for this case without unnecessary motion practice[3].  The certification required under Rule 37 that the parties had conferred in good faith is to allow the parties to resolve the matters

---

[3]Given this error, it is also possible that the defendant in the Kennedy Cumberland Hospitality action was not served with the correct discovery demands.

6

themselves informally and without Court intervention, see 8A Wright, Miller & Marcus, Federal

Practice & Procedure § 2285, at 644 & n.19 (2d ed. 1994); id., § 2285, at 79, 81 n.18.1 (Supp.

2005); see also Halas v. Consumer Servs., Inc., 16 F.3d 161, 165 (7th Cir. 1994) (same, for local

rule), or here detect the problem underlying the absence of responses to plaintiffs' discovery

demands.  The meaningful communication happened here after the motion was filed, when

defense counsel e-mailed that he never received the discovery in this case (cf. Docket No. 26,

Pls. Response ¶ 7, Ex. C) and later cited in defendant's response in opposition to the motion

(Docket No. 22, Def. Atty. Aff. ¶¶ 5-9, sworn to Nov. 13, 2007).

     Had this motion not been terminated, since defendant was never served with discovery

demands plaintiffs initially sought to compel, this motion would have been denied and plaintiffs

liable for sanctions under Rule 37(a)(4)(B) for having its motion to compel denied.  By escalating

the discovery dispute to motion practice and judicial intervention, plaintiffs (and their counsel)

potentially exposed themselves to sanctions if their motion was denied, see Fed. R. Civ. P.

37(a)(4)(B).  Plaintiffs attempt to avoid this consequence by voluntarily withdrawing the motion

(cf. Docket No. 24), but cf. Fed. R. Civ. P. 37(a)(4)(A) (opponent to motion to compel cannot

avoid liability merely by producing sought discovery in the face of the pending motion).  Unlike

the withdrawal of the first motion (where, prior to the withdrawal, the parties conferred and

worked out a revised schedule for the inspection of defendant's hotel), defendant had responded

to the second motion (see Docket No. 23) and presumably incurred expenses in the process.

     B.     Was Plaintiffs' Motion "Substantially Justified"?

     The next issue is whether making of this withdrawn motion "was substantially justified or

that other circumstances make an award of expenses unjust," id. R. 37(a)(4)(B).  The second

motion arose from plaintiffs' error in serving discovery in two cases coupled with the parties' failure to confer meaningfully and reveal the error.  Plaintiffs (particularly their counsel) should have taken more care in determining what discovery was served in what case before moving to compel its response.  That error, by itself, does not warrant sanction and makes an award of expenses against plaintiffs unjust.  Does the subsequent motion to compel warrant sanctions?

Plaintiffs' counsel argues that the error here was harmless and no sanction should be imposed (Docket No. 26, Pls. Response ¶ 8).  Supporting plaintiffs' position is the fact that the obligation to confer is a two-way street and defendant here failed to notify plaintiffs <u>prior to the filing of the motion</u> that it was served with the wrong discovery demands.  Defendant could have mentioned to plaintiffs this error, anytime from the date it was served to immediately after receiving plaintiffs' counsel's October 25 e-mail before plaintiffs moved to compel.  When defendant remained silent as to the ostensibly outstanding discovery, plaintiffs had little choice but to move to compel.  As a matter of professional courtesy, defense counsel should have notified plaintiffs that he was served with incorrect discovery demands, <u>see</u> Lawyer's Code of Prof. Responsibility, Ethical Consideration 7-38.

Since both plaintiffs and defendant are at fault for plaintiffs' motion, sanctions against one side would be unjust.  A simple service mix up has been raised to motion practice.  Defendant has not responded to this sanction application, implying that no sanction should be imposed here.  The flaw in Rule 37 sanction regime is that it imposes costs incurred by the parties (in responding to the motion to compel or in making that motion) and does not factor in the burden upon the Court in addressing unnecessary motion practice.  By contrast, Rule 11, the general sanction provision, initially covered signed discovery motions, <u>cf.</u> Fed. R. Civ. P. 11(d),

8

and included penalties paid into Court as well as assessment of expenses incurred as a result of the sanctioned conduct, see id. R. 11(c)(2).  Rule 37 lacks assessment of penalties to the Court. The present situation may well have been such an occasion for assessing penalties (on both sides) to this Court.  Absent a rule directly authorizing such a penalty and the fact that this situation is not flagrant enough to warrant invoking the Court's inherent authority or authority under Rule 16(f) (for violation of pretrial Orders[4]), sanctions in this instance would be unjust and are not awarded.  Parties are cautioned to be more careful in their service of documents and to continue to confer whenever discovery disputes arise before seeking judicial intervention.

## CONCLUSION

For the reasons stated above, sanctions against plaintiffs for making the second, withdrawn motion to compel **are not substantially justified and circumstances make an award here unjust**.

So Ordered.

/s/ Hugh B. Scott
_____
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       December 19, 2007

---

[4]But Rule 16(f) cites as the examples of sanctions available those under Rule 37(b)(2), again which are focused on providing relief to the party rather than imposing a penalty payable to the Court.

9