UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DISABLED PATRIOTS OF AMERICA, a Florida
Not-For-Profit Corporation, and
MARCUS INGRAM, Individually,

        Plaintiffs,        **Hon. Hugh B. Scott**

                   07CV284S

        v.

                   **Order**

NIAGARA GROUP HOTELS, LLC, a New York
Limited Liability Company,

        Defendant.

    Before the Court is the motion of the non-party mediator (Docket No. 37, Mar. 26, 2008) seeking an extension of the deadline for commencing the initial mediation session (see Docket No. 32). After several adjournments sought by the parties (see Docket Nos. 27, 31; see also Docket entry, Oct. 11, 2007; Docket Nos. 29, 30 (Orders amending Scheduling Order)), the current amended Scheduling Order (Docket No. 32) reset the initial mediation session to commence by March 31, 2008. The mediator indicates that, due to another matter, she cannot conduct a mediation on March 31, 2008 (Docket No. 37, Decl. of Engagement).

    The mediator failed to serve this notice of motion upon the parties or indicate that service in the certificate of service, see W.D.N.Y. Local Rules Admin. Procedures for Electronic Filing 2.f.ii. (despite electronic filing, certificate of service on all parties entitled to service still required). Also troubling is the fact that the attached Declaration of Engagement makes no mention of any effort by the mediator to contact the parties to agree upon a new deadline for initiating the mediation process.

There is no provision under this Court's pilot Alternative Dispute Resolution plan for the <u>mediator</u> to move to adjust the mediation schedule.  The only provision in that plan approximately close to this situation is for a mediator "who later becomes unable to serve within the time period set forth in the Court's Scheduling or Referral Order shall notify all counsel, unrepresented parties and the Court," and then a new mediator is selected, W.D.N.Y. ADR Plan § 3.1(E)(4).  A better practice to avoid removal of the mediator with a slight scheduling concern would be for the parties either to stipulate to an extension and jointly seek the Court to approve the new schedule or for one of the parties to move for an extension if such a stipulation cannot be reached.

Here, there is no indication that the mediator contacted the parties about this scheduling issue (save the electronic filing of this motion) and this motion does not constitute notice under the ADR plan.

The mediator's motion (Docket No. 37) here is **denied**.  Given that the deadline is fast approaching and, as a practical matter, a mediation session will not be held on March 31, 2008, the Court <u>sua sponte</u>, shall extend the deadline for conducting this initial session to **May 15, 2008**.  Mediation to end by **June 25, 2008**.  All other dates in the current Scheduling Order (Docket No. 11) remain unaffected.  Parties (and the mediator) should note that **no further extensions of the initial mediation deadline shall be granted**.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       March 27, 2008