UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DISABLED PATRIOTS OF AMERICA, a Florida
Not-For-Profit Corporation, and
MARCUS INGRAM, Individually,

                              Plaintiffs,                           **Hon. Hugh B. Scott**

                                                            07CV284S

                                v.                                  **Order**

NIAGARA GROUP HOTELS, LLC, a New York
Limited Liability Company,

                              Defendant.

---

Before the Court is plaintiffs' second motion to compel answers to their Interrogatories and document production (Docket No. 33[1], Motion of Feb. 28, 2008; cf. Docket Nos. 17, 19 (withdrawn first motions to compel); Docket Nos. 21, 24 (notices of withdrawal); Docket Nos. 25, 28 (Orders regarding withdrawals)). Responses to this latest motion were due by March 18, 2008, reply by April 1, 2008, and this motion was submitted (without oral argument) on April 1, 2008 (Docket No. 34).

**BACKGROUND**

This is an Americans with Disabilities Act ("ADA") case against a hotel for allegedly failing to accommodate plaintiff Marcus Ingram, a disabled veteran. Ingram is a member of

---

[1] In support of this motion, plaintiffs filed their motion and memorandum of law, and exhibits, Docket No. 33, but plaintiffs did not submit a reply. In opposition, defendant filed its attorney's answering affidavit, Docket Nos. 35 (without notary commission), 36 (with proper notary commission).

plaintiff Disabled Patriots of America, a non-profit Florida corporation which represents the interests of its members (including individuals with disabilities as defined by the ADA) "by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities," (Docket No. 1, Compl. ¶¶ 6, 7). Plaintiffs allege that defendant's hotel, the Inn on the River, in Niagara Falls, New York, had architectural barriers that endangered Ingram's safety and that defendant discriminated against Ingram due to his disability (id. ¶¶ 3, 6, 11). Defendant answered on June 11, 2007 (Docket No. 4).

The Court issued a Scheduling Order on August 30, 2007 (Docket No. 11), with motions to compel due by January 29, 2008, discovery to be completed by February 29, 2008, and dispositive motions due by May 28, 2008 (see also Docket No. 38, Order extending ADR mediation schedule).

Plaintiffs served various discovery requests and later moved to compel answers to interrogatories and production of documents (see Docket No. 19, Pls. 2d Motion, ¶¶ 1, 2, Exs. A, B). Plaintiffs' counsel noted, on October 25, 2007, that he had not received this overdue discovery and, if not provided by October 31, 2007, plaintiffs would have to move to compel (id. Ex. C; see Docket No. 17, Ex. C (same); Docket No. 19, Ex. D, Pls. Atty. Aff. ¶ 3). Plaintiffs so moved (Docket Nos. 17, 19) and, after defendant raised the fact that discovery for another case was served by plaintiffs upon defendant (Docket No. 23), plaintiffs withdrew their first set of motions to compel (Docket Nos. 21, 24).

On November 20, 2007, plaintiffs served new Interrogatories and document demands upon this defendant (Docket No. 33, Pls. Motion ¶ 2, Ex. A). They state that these requests were

not objected to and they made efforts to confer with defense counsel to obtain this discovery (Docket No. 33, Pl. Atty. Aff. ¶¶ 2, 3, certificate of conference, Ex. B). When plaintiffs' counsel called defense counsel's office on February 28, 2008, he was told that defense counsel was out of the office (id. ¶ 3).

Defendant argues that its counsel was unavailable to respond to plaintiffs' discovery demands and now seeks "a short amount of additional time to furnish discovery responses," an unspecified amount of time to produce (Docket No. 36, Def. Atty. Aff. ¶¶ 3-6, 9). In attempting to respond to this discovery, defense counsel states that he also has been unable to contact the principal of defendant (id. ¶¶ 7-8).

**DISCUSSION**

I.   Standard

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention. See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1) (effective Dec. 1, 2007). Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(3)(A).

II.	Application–Answers to Interrogatories and Production of Documents

Plaintiffs' Interrogatories and document demands center on defendant's financial records and its ability to remove architectural barriers that are "readily achievable". Defendant does not object to responding to them. The issue here is one of timing to complete defense discovery given defense counsel's personal circumstances and his inability to contact his client. Defendant had these requests since November 20, 2007, and it does not explain the delay in responding prior to February 1, 2008 (cf. Docket No. 36, Def. Atty. Aff. ¶ 3; Docket No. 33, Pl. Atty. Aff. Ex. B (e-mail Thomas Bacon, Esq., to Philip Milch, Esq., Jan. 31, 2008)), when plaintiffs' document their demand for the past due discovery. Defense counsel outlined his personal and medical circumstances that precluded his responding from February 13, 2008 (Docket No. 36, Def. Atty. Aff. ¶¶ 3-6), and his inability to date to discuss these requests with his client (id. ¶¶ 7-8).

Had the parties been able to discuss this, perhaps an accommodation could have been reached to avoid the present motion. But absent that, it is no excuse for failing to produce here. Defendant should **produce** the discovery sought here by plaintiffs. Defendant seeks a "short" but unspecified amount of time to respond (Docket No. 36, Def. Atty. Aff. ¶ 9). Given defense counsel's situation described above and in his papers, defendant is given **thirty (30) days from entry of this Order** in which to respond to plaintiffs' outstanding discovery.

As a result of this Motion, the Scheduling Order (Docket No. 11) for this action will be extended to allow for completion of this discovery. The previous Scheduling Order (id.) is hereby modified as follows (unless otherwise changed below, the remaining dates in the previous Scheduling Order continue in effect): All discovery now is to be completed by **July 1, 2008**,

with any further motions to compel due by **June 2, 2008**; dispositive motions are now due by **September 1, 2008**.  Absent such motions, pretrial statements shall be filed and served no later than **November 25, 2008**.  The final pretrial conference (formerly scheduled for August 6, 2008) will now be **Wednesday, December 17, 2008, at 9 am,** before Judge Skretny, and the bench trial (initially scheduled to begin on October 7, 2008) will begin on **Tuesday, February 10, 2009, at 9:30 am**.  The mediation schedule recently extended (Docket No. 38) is amended again as follows:  the initial mediation session still must be commenced by **May 15, 2008**, but mediation shall conclude by **October 15, 2008**.  No further extension of the above cutoff dates will be granted except upon written application, filed prior to the cutoff date, showing good cause for the extension.  As previously noted in the Scheduling Order (Docket No. 11), counsel's attention is directed to Fed. R. Civ. P. 16(f) calling for sanctions in the event of failure to comply with any direction of this Court.

III.     Discovery Sanctions

If a motion to compel is granted, the Court must award reasonable motion expenses, including attorney's fees, or, if relief is partially granted, apportion the reasonable expenses, Fed. R. Civ. P. 37(a)(5)(A), (C) (effective Dec. 1, 2007).  If production is made in the face of a motion to compel, the sanction of awarding these expenses must be imposed, id. R. 37(a)(5)(A).  Rule 37(b)(2) refers to the party or counsel advising that party or both being responsible for paying the motion expenses.

Under Rule 37, the movant is entitled to <u>reasonable</u> costs and attorneys' fees.  "If the court determines to award expenses and fees, it is for the court to decide what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, <u>Federal Practice and Procedure</u>

§ 2288, at 666-67 (Civil 2d ed. 1994); see also Addington v. Mid-American Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour).  One component for determining the reasonable motion expenses is the motion expenses incurred (such as duplication, electronic research expenses, and other out-of-pocket expenses).

As for the attorney's fee component of the discovery sanction, the rate or amount an attorney bills his or her client (especially where, as here, the client may never be billed due to the fee arrangement counsel has with the client) related to discovery or a motion to compel does not make that rate or time expended reasonable under Rule 37 as reasonable motion expenses.  See Kahn v. General Motors Corp., No. 88 Civ. 2982, 1993 U.S. Dist. LEXIS 5196, at *4 (S.D.N.Y. Apr. 19, 1993).

Using the lodestar (or the "presumptively reasonable fee," see Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 111(2d Cir. 2007)) method for calculating the reasonable attorney's fee, Johnson v. the Bon-Ton Stores, No. 05CV170, Docket No. 39, 2006 U.S. Dist. LEXIS 20019, at *8 (W.D.N.Y. Apr. 17, 2006) (Scott, Mag. J.); Monahan v. SZS 33 Assocs., L.P., 154 F.R.D. 78, 83 (S.D.N.Y. 1994) (applying lodestar method to determining attorney's fee for Rule 37(a)(4)(A), now Rule 37(a)(5)(A), relief); see Hensley v. Eckerhart, 461 U.S. 424, 429-30, 430 n.3 (1983) (applying for fees under 42 U.S.C. § 1988), the components for determining the reasonable attorneys' fee are the moving attorney's time spent on the motion and the reasonable billing rate for that attorney.  In calculating the "presumptively reasonable fee" this Court "should generally use the prevailing hourly rate in the district where it sits to calculate what has been called the 'lodestar,'" Arbor Hill, supra, 493 F.3d at 111.  The

movant seeking reimbursement bears the burden of proving the hours spent and the prevailing rates.  7 Moore's Federal Practice--Civil § 37.23[8] (2005); see Johnson, supra, 2006 U.S. Dist. LEXIS 20019, at *11.  It is within this Court's discretion to determine the reasonableness of those rates based on the Court's knowledge of prevailing community rates and the relative experience of counsel, Creative Res. Group of N.J., Inc. v. Creative Res. Group, Inc., 212 F.R.D. 94, 103 (E.D.N.Y. 2002) (Wall, Mag. J.) (Report & Recommendations, citation omitted); see Johnson, supra, 2006 U.S. Dist. LEXIS 20019, at *11.

Here, plaintiffs prevail in all the discovery sought.  Therefore, they are entitled to recover their full reasonable costs in making this motion.  Plaintiffs are to submit an affidavit of the total of their reasonable costs associated with this motion for the Court to determine the appropriate sanction award.  Defendant may file a response to the cost application.  The Conclusion of this Order sets forth the schedule for filing on this application.

## CONCLUSION

For the reasons stated above, plaintiffs' motion to compel answers to their Interrogatories and document production (Docket No. 33) is **granted**.  The Scheduling Order for this case (Docket No. 11) is amended as stated above in this Order (at 4-5, supra).

Plaintiffs shall file an affidavit of their reasonable motion expenses, including attorney's fees, within five (5) days of the entry of this Order; defendant may respond to this filing by filing

a response within five (5) days of filing of plaintiffs' affidavit. The Court then will determine plaintiffs' reasonable motion expenses and the appropriate sanction amount.

So Ordered.

/s/ Hugh B. Scott<br>Honorable Hugh B. Scott<br>United States Magistrate Judge

Dated: Buffalo, New York
      April 4, 2008