UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DISABLED PATRIOTS OF AMERICA, INC., a
Florida Not-For-Profit Corporation, and
MARCUS INGRAM, Individually,

                      Plaintiffs,                   **Hon. Hugh B. Scott**

                                                    07CV284S

                       v.                           **Order**

NIAGARA GROUP HOTELS, LLC, a New York
Limited Liability Company,

                      Defendant.

Before the Court is plaintiffs' application (Docket No. 42[1], Aff. of Apr. 10, 2008; see Docket No. 41) for their motion costs regarding their motion to compel (Docket No. 33). The Order granting plaintiffs' motion to compel (Docket No. 39, Order of Apr. 4, 2008) gave plaintiff five business days (see Fed. R. Civ. P. 6(a)(2)) from entry of that Order to file and serve this application, with any response from defendants due five business days from that filing and service (id. at 7-8), or by April 17, 2008; defendant did not file a response. Familiarity with this Order is presumed.

BACKGROUND

In this Americans with Disabilities Act action, on November 20, 2007, plaintiffs served Interrogatories and document demands upon defendant (Docket No. 33, Pls. Motion ¶ 2, Ex. A).

---

[1]In support of their application, plaintiffs filed their attorneys' revised affidavit, Docket No. 42, and their attorneys' affidavit, Docket No. 41.

They state that these requests were not objected to and they made efforts to confer with defense counsel to obtain this discovery (Docket No. 33, Pl. Atty. Aff. ¶¶ 2, 3, certificate of conference, Ex. B).  Plaintiffs' motion was granted in its entirety and plaintiffs were to submit an application for their reasonable motion costs (Docket No. 39).

Plaintiffs' counsel submitted an affidavit of the hours expended on this motion, totaling 4.7 hours, and his "reasonable hourly rate charged for similar cases" of $350 per hour, calculating the fee of $1,645.00 (Docket No. 22, Pls. Atty. Revised Aff. ¶ 3).

DISCUSSION

I.      Standards–Discovery Sanctions for Motion to Compel

If a motion to compel is granted, the Court must award reasonable motion expenses, including attorney's fees, or, if relief is partially granted, apportion the reasonable expenses, Fed. R. Civ. P. 37(a)(5)(A), (C) (effective Dec. 1, 2007) (see Docket No. 64, Pl. Atty. Reply Aff. ¶ 12).  Even if production is made in the face of a motion to compel, the sanction of awarding these expenses must be imposed, id. R. 37(a)(5)(A).  Rule 37(b)(2) refers to the party or counsel advising that party or both being responsible for paying the motion expenses.

Under Rule 37, the movant is entitled to reasonable costs and attorneys' fees.  "If the court determines to award expenses and fees, it is for the court to decide what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 666-67 (Civil 2d ed. 1994); see also Addington v. Mid-American Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour).  The rate or amount an attorney bills his or her client related to discovery or a motion to compel does not make that

rate or time expended reasonable under Rule 37 as reasonable motion expenses.  See Kahn v. General Motors Corp., No. 88 Civ. 2982, 1993 U.S. Dist. LEXIS 5196, at *4 (S.D.N.Y. Apr. 19, 1993).

Using the lodestar (or the "presumptively reasonable fee," see Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 111, 117 (2d Cir. 2007), as amended on other grounds, 2008 U.S. App. LEXIS 30487 (2d Cir. Apr. 10, 2008)) method for calculating the reasonable attorney's fee, Johnson v. the Bon-Ton Stores, No. 05CV170, Docket No. 39, 2006 U.S. Dist. LEXIS 20019, at *8 (W.D.N.Y. Apr. 17, 2006) (Scott, Mag. J.) (attorney's fee for discovery sanction); see also Hensley v. Eckerhart, 461 U.S. 424, 429-30, 430 n.3 (1983) (applying for fees under 42 U.S.C. § 1988), the components for determining the reasonable attorneys' fee are the moving attorney's time spent on the motion and the reasonable billing rate for that attorney.  This presumptively reasonable fee is "what a reasonable, paying client would be willing to pay" who would wish "to pay the least amount necessary to litigate the case effectively," Arbor Hill, supra, 493 F.3d at 112.  In calculating the "presumptively reasonable fee" this Court "should generally use the prevailing hourly rate in the district where it sits to calculate what has been called the 'lodestar,'" id. at 111, or known as the "forum rule," id. at 118.  The "forum rule" is that this Court should apply the "prevailing [hourly rate] in the community," id. at 118 (internal quotations omitted); see also Blum v. Stenson, 465 U.S. 886, 895 (1984), with the "community" defined as the district where the court sits, Arbor Hill, supra, 493 F.3d at 118; see Polk v. New York State Dep't of Corr. Servs., 722 F.2d 23, 25 (2d Cir. 1983).  The Court "may adjust this basic hourly rate to account for other case-specific variables,"

Arbor Hill, supra, 493 F.3d at 112[2], and apply an out-of-district rate (or some other rate) if "in calculating the presumptively reasonable fee if it is clear that a reasonable, paying client would have paid those higher rates," id. at 119.  In Arbor Hill, the Second Circuit held that

> "We presume, however, that a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally.  This presumption may be rebutted–albeit only in the unusual case–if the party wishing the district court to use a higher rate demonstrates that his or her retention of an out-of-district attorney was reasonable under the circumstances as they would be reckoned by a client paying the attorney's bill."

Id. at 119.  In this analysis this Court "(unfortunately) bears the burden of disciplining the market, stepping into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively," id. at 112.

Arbor Hill involved plaintiffs from Albany challenging the legislative redistricting plan for Albany County, id. at 113, hence locals within the Northern District of New York, but they retained the Southern District of New York-based firm Gibson, Dunn & Crutcher for its appellate expertise, id.  While setting the new standard (the forum rate as presumed reasonable, but that presumption being rebuttable), the Second Circuit in Arbor Hill held that applying the forum rate in that case was reasonable for the non-monetary return the out-of-district attorneys had there, id. at 120.

---

[2]The court listed several factors, such as the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel, resources required to prosecute the case effectively, the timing demands of the case, whether the attorney had an interest (independent of the client) in achieving the ends of the litigation, whether the attorney initially acted pro bono, and other returns (such as reputation) the attorney expected from the representation, 493 F.3d at 112; see also Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714, 717-19 (5th Cir. 1974) (twelve factors to establish reasonable fee), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87, 92-93, 96 (1989).

Like <u>Arbor Hill</u>, the cases following it usually involve lawyers from one District in New York (usually the Southern District, Manhattan-based firms) litigating in the Western District of New York or even neighboring Eastern District of New York, <u>e.g.</u>, <u>Washington Mutual Bank v. Forgue</u>, No. 07-MC-6027, 2008 U.S. Dist. LEXIS 6753 (W.D.N.Y. Jan. 30, 2008) (Siragusa, J.); <u>Trustees of Buffalo Laborers' Pension Fund v. Accent Stripe, Inc.</u>, No. 01CV76, 2007 U.S. Dist. LEXIS 69088 (W.D.N.Y. Sept. 18, 2007); <u>Simmons v. New York City Transit Auth.</u>, No. CV-02-1575, 2008 U.S. Dist. LEXIS 16949 (E.D.N.Y. Mar. 5, 2008), where the legal markets and attorneys' fee rates differ greatly.  <u>See also</u> <u>Mikrut v. Unum Life Ins. Co.</u>, No. 3:03CV1714, 2007 U.S. Dist. LEXIS 71999 (D. Conn. Sept. 28, 2007) (rejecting fee application based on rates paid in prior cases, reducing to District of Connecticut reasonable rates).  The Court has not found a case in this Circuit involving out of state applicant for a fee award, <u>but cf.</u> <u>Emhart Indus. v. Home Ins. Co.</u>, 515 F. Supp. 2d 228, 253-654 (D.R.I. 2007) (citing <u>Arbor Hill</u> and applying out of district rate in diversity action, noting that "[t]here are several reasons why a large corporation like Emhart may wish to retain out-of-district counsel that may happen tho have a higher hourly rate," such as past affiliation with law firm, pending similar actions with that firm representing the corporation, complexity of matter, involving the Superfund, and national reputation of firm).

As noted by one district court,

"One thing the <u>Arbor Hill</u> decision makes clear is that no particular lawyer is entitled to any particular hourly rate in any particular case.  Instead, the district court must determine in each case what rate a reasonable, paying client would have paid for the lawyers' services in that case.  The practice of pointing out the highest rate the lawyer has ever been awarded by any court and then seeking at least that much for every case fails to comply with the methodology required by <u>Arbor Hill</u>."

Mikrut, supra, 2007 U.S. Dist. LEXIS 71999, at *10.

The last component for determining the reasonable motion expenses are the other motion expenses incurred (not sought here).

The movants seeking reimbursement bears the burden of proving the hours spent and the prevailing rates.  7 Moore's Federal Practice--Civil § 37.23[8] (2005); see Johnson, supra, 2006 U.S. Dist. LEXIS 20019, at *11.  It is within this Court's discretion to determine the reasonableness of those rates based on the Court's knowledge of prevailing community rates and the relative experience of counsel, Creative Res. Group of N.J., Inc. v. Creative Res. Group, Inc., 212 F.R.D. 94, 103 (E.D.N.Y. 2002) (Wall, Mag. J.) (Report & Recommendations, citation omitted); see Johnson, supra, 2006 U.S. Dist. LEXIS 20019, at *11.

II.   Application

   A.   Hourly Rate

The first issue is whether the rate of $350 per hour is reasonable within this District or whether this higher rate should be applied here.  Here, the plaintiffs (a Florida not-for-profit corporation and Georgia individual member of that not-for-profit corporation (see Docket No. 1, Compl. ¶¶ 2, 1)) both are not residents of this District and retained (for them) local counsel from Florida.  Defendant has not responded to this request or presented its view on plaintiffs' fee rate.

In other discovery sanction applications, this Court has upheld attorney fee rates around $200 per hour for attorneys within this District with equivalent experience as plaintiffs' counsel here, see Brick v. CSX Transp., Inc. et al., No. 06CV622, Docket No. 41, 2007 U.S. Dist. LEXIS 90742, at *7-8 (W.D.N.Y. Dec. 10, 2007) (Scott, Mag. J.) (finding $195 per hour rate

reasonable for partner who has practiced for ten years and had extensive federal court and litigation experience); see also Steinman v. Spinal Concepts, Inc., No. 05CV774, Docket No. 84, 2007 U.S. Dist. LEXIS 86309, at *1-2, 4 (W.D.N.Y., Nov. 21, 2007) (Scott, Mag. J.) (sixth-year associate claiming rate of $200 per hour not disputed by opponent, fee application awarded based upon undisputed rate); cf. Johnson, supra, 2006 U.S. Dist. LEXIS 20019, at *10-13 (citing recent cases from this Court on recognized reasonable attorneys' fee rates).

     Here, plaintiffs' counsel did not state his experience in this fee application but the Court notes from counsel's pro hac vice application (Docket Nos. 13, 14; see Docket No. 15, Order granting pro hac vice status) that he graduated from American University's Washington College of Law and was admitted to practice in Pennsylvania in 1989 and in Florida in 1998, and was admitted to practice before the United States District Court for the Southern District of Florida and handles Americans with Disabilities Act cases (Docket Nos. 13, 14). Thus, their counsel has been practicing for almost 20 years.

     Plaintiffs' counsel is from the greater Miami area and the rate sought here may be reasonable in that market. Plaintiffs' counsel only represents that $350 per hour is the reasonable hourly rate he charges in similar cases (Docket No. 22, Pls. Atty. Aff. ¶ 3), without stating whether that rate is reasonable in the Southern District of Florida or in this District. The issue, however, is whether that rate is reasonable for this District. Plaintiffs are not from this District and sued here because they could obtain personal jurisdiction over defendant. This case was venued here because of defendant's location, see 28 U.S.C. § 1391(b)(1), and this is the location of substantially all of the events occurred, id. § 1391(b)(2). It would be reasonable for a Florida not-for-profit (suing on behalf of its Georgia member and itself) to retain a Florida firm to pursue

this action in New York, even if it means paying a higher going rate for that firm as compared with local counsel in this District[3]. Thus, plaintiffs rebut the presumption that they would have hired local counsel or counsel charging rates consistent with those charged within this District, see Arbor Hill, supra, 493 F.3d at 119.

Plaintiffs have not analyzed their fee application in this manner. But, as previously stated, defendant has not stated its position on this application. The amount of time sought to be recovered (less than five hours) for the cited fee rate is such that, even if the rate exceeds the forum rate, acceptance of that rate for this case will not be setting a precedent as to what is now reasonable in the Western District of New York.

In the absence of objections by defendant on this point, the Court **accepts** plaintiffs' application and the rate cited by plaintiffs' counsel. The Court, however, does not deem this rate to be reasonable for this District.

B.   Hours Claimed

The next issue is whether the 4.7 hours claimed by plaintiffs' counsel is warranted for their simple motion to compel. Again, defendant has not responded to this application. The Court thus deems the time claimed by plaintiffs' counsel to be acceptable.

C.   In Summary

Therefore, on the limited facts before the Court, plaintiffs' fee application is **accepted**. With 4.7 hours claimed by plaintiffs' counsel and at counsel's rate of $350 per hour, the amount of **$1,645.00** sought by plaintiffs is **granted**.

---

[3] Under this Court's Local Civil Rules, W.D.N.Y. Loc. Civ. R. 83.2(a), plaintiffs also retained local counsel, but that counsel is not seeking compensation in this fee application.

D.      Apportionment of Liability

One final issue, not addressed by either party, is whether this sanction should come from defendant, from its counsel or from both. Under the Federal Rules, the attorney may also be held responsible even if he is not a litigant in the action for the manner in which discovery is conducted. Fed. R. Civ. P. 37(a)(5)(A). There is no clear attribution between client or counsel for the compelled discovery here, both have stated reasons for delay in responding to plaintiffs' demands (be it defense counsel's health or his inability to contact the client to discuss the discovery, see Docket No. 36, Def. Atty. Aff. ¶¶ 3-9). Absent allegations of fault being attributable to counsel, **defendant alone** will be held responsible for this sanction.

## CONCLUSION

For the reasons stated above, plaintiffs' application (Docket No. 42) for recovery of their second motion to compel expenses (Docket No. 33; see Docket No. 39) is **granted**. The Court has reviewed their reasonable motion expenses and has determined the appropriate sanction amount and defendant shall pay as a discovery sanction **$1,645.00** to plaintiffs.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
        April 24, 2008

9