UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DISABLED PATRIOTS OF AMERICA, INC., &
MARCUS INGRAM

                      Plaintiffs

  v.                                **DECISION AND ORDER**
                                         07-CV-284S

NIAGARA GROUPS HOTELS, LLC,

                      Defendant.

1.      On August 28, 2008, Plaintiffs filed a Motion for Summary Judgment. (Docket No. 49.) Defendant submitted an affidavit and memorandum of law in opposition. (Docket Nos. 51 and 53.)

2.      Thereafter, counsel for Defendant moved to withdraw as attorney of record. (Docket No. 55.) This Court scheduled a status conference, and directed the parties to appear on January 12, 2009 to address the motion to withdraw. (Docket No. 56.)

3.      At the status conference, defense counsel stated that he had made repeated efforts to contact his client to no avail. The Court deferred ruling on counsel's motion to withdraw and issued an Order directing a representative of Defendant corporation to appear on February 24, 2009, and to show cause why Counsel's motion to withdraw should not be granted. (Docket No. 57.) The Order also directed that Defendant retain counsel to represent it in this action. Id.

4.      No representative for Defendant corporation appeared on February 24, 2009. Additionally, no attorney filed a notice of appearance on behalf of Defendant by that date.

-1-

This Court granted the Motion to Withdraw.

5. In addition, this Court also discussed Plaintiffs' pending Motion for Summary Judgment, which failed to comply with Local Rule 56.1, which requires that the motion be accompanied by a statement of material facts not in dispute. All material facts in the movant's papers are deemed admitted unless controverted in an opposing statement of material facts as to which genuine issue exists. L.R.56.1(c).

6. By Order dated February 26, 2009, this Court granted the parties an additional 10 days, or until March 6, 2009, to submit their respective statements of material facts. (Docket No. 59.) Defendant was ordered to retain counsel to appear on its behalf and warned that failure to file an opposing statement of facts could result in Plaintiffs' Motion for Summary Judgment being granted as unopposed. Id.

7. Consistent with this Court's Order, Plaintiffs filed their statement of material facts not in dispute on March 4, 2009. However, Defendant failed to file its opposing statement and no attorney filed a notice of appearance on Defendant's behalf.

8. On March 23, 2009, this Court issued a further Order, again directing Defendant to retain counsel and extending its time to respond to Plaintiffs' statement by March 30, 2009. (Docket No. 62.) This Court warned Defendant that its failure to submit its opposing statement would result in the Motion being granted as unopposed. Id.

9. On April 8, 2009, this Court held a status conference. No attorney appeared for Defendant. To date, Defendant has not filed its opposing statement of facts.

10. In considering whether summary judgment is warranted, a district court must assess whether the moving party has fulfilled its burden of demonstrating that there is no

genuine issue of material fact and it is entitled to judgment as a matter of law. See Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244, 246 (2d Cir. 2004).

11. Here, Plaintiffs have submitted a Local Rule 56.1 statement which Defendant has not controverted. Plaintiffs' statement contains citations to record evidence in this case, as is required. This Court has confirmed and is satisfied that the evidence cited supports the assertions therein. Thus, Plaintiffs have fulfilled their burden of demonstrating the absence of a genuine issue of material fact as to Defendant's liability.

12. This Court has reviewed the undisputed facts in light of the factors required by the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and has considered Defendant's affidavit and memorandum of law filed in opposition to Plaintiffs' motion. (Docket Nos. 51 and 53.) Defendant does not contend that summary judgment is unwarranted as a matter of law. Rather, its argument rests on the assertion of facts that it did not place in dispute, despite repeated opportunities to do so. Because Plaintiffs' uncontested facts support a finding of liability here, this Court concludes that Plaintiffs' motion should be granted.

IT IS HEREBY ORDERED, that Plaintiffs' Motion for Summary Judgment (Docket No. 49) is GRANTED.

FURTHER, that Defendant is liable to Plaintiffs for maintaining its property in violation of the ADA, by having a lack of accessible parking with access aisles; non-compliant loading zones, lack of handrails on ramps; lack of curb cuts for accessibility;

excessive thresholds at doors and curbs; non-compliant door hardware; lack of handrail on ramp leading to pool and to exterior patio and on stairs; lack of accessible restrooms; lack of accessible guestrooms; lack of accessible guest rooms with roll-in shower; lack of latch side clearance to exit guestroom.

FURTHER, that having been advised by Plaintiffs' counsel that Defendant's premises known as Inn On The River, in Niagara Falls, New York, is presently closed, Defendant is hereby barred from re-opening its premises unless it presents to Plaintiffs' counsel and to the Court, a detailed plan satisfactory to the Court, as to measures to be undertaken to correct the ADA violations and barriers to access, and the proposed time frames to commence and conclude each of the corrective actions to be undertaken.

FURTHER, that a copy of this Decision and Order shall be mailed to Defendant at its last known address, 7001 Buffalo Avenue, Niagara Falls, New York 14303.

FURTHER, that the Clerk of the Court is directed to enter Judgment for the Plaintiff and close this case.

SO ORDERED.

Dated: June 4, 2009
      Buffalo, New York

      /s/William M. Skretny
      WILLIAM M. SKRETNY
      United States District Judge